Filed 11/13/24

VERMONT SUPERIOR COURT

Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02472

| Shawn Tao v. Amy Coates et al |
|---|

# ENTRY REGARDING MOTION

Title:         Motion to Dismiss; Motion to Dismiss;
               Motion to Recognize Amended Complaint as Operative;
               Joint Motion to Strike (Motion: 6; 7; 9; 10)
Filer:         John E. Brady; Francesca Bove; Shawn Tao; Francesca Bove
Filed Date:    September 13, 2024; September 13, 2024; October 27, 2024; November 06, 2024

## Joint Motion to Strike (Motion #10), filed November 6

Defendants seek to strike Plaintiff's Motion for Amended Complaint to be Deemed Operative (Motion #7) on the grounds that it was filed out of time and no motion seeking late filing, supported by a showing of excusable neglect, was filed. While it is true that no separate motion was filed seeking approval to file late, the motion itself includes an explanation of the late receipt due to mail delay of the court's ruling with the filing deadline, and the motion itself was filed only 3 days after that date. It contains the same information that a separate motion would have contained, and was filed reasonably promptly. Neither the Defendants nor the court are prejudiced. The Vermont Supreme Court has indicated that trial courts should exercise discretion in ruling on motions that affect the ability of plaintiffs to properly assert their claims at the beginning of a case, even when there has not been adherence to compliance with the rules. *Stowe Aviation, LLC. V. Agency of Commerce and Community Development,* 2024 VT 11.

Accordingly, Motion #10 is *denied.*

## Motion to Recognize Amended Complaint as Operative (Motion #9), filed October 27, 2024

Plaintiff seeks to have the Amended Complaint that he filed October 5, 2024, without having sought permission to do so, recognized as his amended complaint in the case. He cites case law recognizing leniency and the use of discretion in ruling on motions to amend initial complaints. The relevant factors for consideration are undue delay, bad faith, futility of amendment, and prejudice to the opposing party. *Colby v. Umbrella, Inc.,* 2008 VT 20. The court cannot conclude that any of these factors require denial. The case is at an early stage, and presumably the amended version of the complaint provides more clarity.

Accordingly, Motion #10 is *granted.* Defendants shall have the usual time to file a responsive pleading.

<u>Motions to Dismiss (Motions #6 and #7), filed September 13, 2024</u>

Since these motions were filed in response to the original complaint, they are deemed *moot* at this time. As noted above, Defendants shall have the opportunity to file responsive pleadings to the Amended Complaint from this date.

Electronically signed November 12, 2024 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned